EXHIBIT 8

## Appeal of Honor Court – UHB Decision
*Hannah Balicki*

### Statement of the Case

On August 20, 2024, Hannah Balicki (Appellant) was found guilty of an Honor Court Violation II.C.3.a. Knowingly Violating a Possession of Trust of Responsibility within the University Community. As a result of the guilty finding Ms. Balicki was placed on Disciplinary Probation through December 13, 2024, along with receiving a Written Warning and Apology Letter. Pursuant to *The Instrument* now files this petition on the following the grounds:

(1) Insufficiency of Evidence;
(2) Violation of Basic Rights.

Appellant thus presents the following grounds for appeal pursuant to *The Instrument*.

### Insufficiency of Evidence

The Court lacked a reasonable basis for their finding of guilt based on clear and convincing evidence. In the instant matter the Court did not hear from any witness of actual conduct nor the purported victim. In fact, the only testimony offered that was subject to cross-examination came from Katie Hanlon, the now Program Director of the Physician Assistant Studies at UNC. Note, Ms. Hanlon was not the program Director at the time of the events in question. All Ms. Hanlon was able to offer in testimony was her conversations with other people. Ms. Hanlon had no direct knowledge of the event in question nor what medical information was or wasn't accessed. She specifically relied on what Heidi Weschler wrote in an untested report. As all the evidence was third party statements Appellant and her counsel were unable to cross examine the witnesses against her.

No evidence was presented as to what Appellant accessed while at work on July 6, 2023. Instead, untested statements were presented from a third party, Ms. Weschler, of what she says she saw and how her department handled the matter. The Court's decision of wrongdoing was based on these untested hearsay statements and nothing more. Such an outcome in contrary to the Honor Systems processes.

As such, in basing their decision on untested hearsay and another body's decision, the UHB did not have a reasonable basis for finding Appellant responsible and as such the appeal on these grounds should be allowed and the Courts decision vacated and reversed.

## *Violation of Basic Rights*

An accused student is afforded several Basic Rights under *The Instrument*. In this instance, Appellant right to IV.A.1. Information and Informed Choices, IV.A.2. Presumption of Innocence, IV.A.4. Fair Hearing, IV.A.6. Evidence and Witnesses, and IV.A.7 Proof that is Clear and Convincing, in this matter each of the preceding were violated by the Honor System.

Section IV.A.1. of *The Instrument*, guarantees a student Information and Informed Choices. In the instant matter this Basic Right was violated. To date, Appellant, nor the Honor Court has received the audit trail for which her dismissal from the program and the Honor Court's decision was predicated on. This is the only relevant information, the smoking gun, of what Hannah did or did not do. *The Instrument* guarantees that this information must be made available to Appellant and despite over a year passing it never was.

Section IV.A.2. Presumption of Innocence is another Basic Right guaranteed by *The Instrument*. In this matter this Right was also violated by the admission and use of the fact that she had been dismissed from the program in a previous matter. This evidence shattered any Presumption of Innocence as guaranteed by *The Instrument*. Instead, we have, as evidenced by the UHB's own *rationale* a *de facto* stamp of approval. Rather, *The Instrument* requires that the evidence of what the accused did or did not do be presented at hearing and then the Court, or in this case the UHB panel would get to decide what the outcome should be by clear and convincing evidence. This did not happen here, and instead, Appellant was found guilty because of what was decided a year prior.

Section IV.A.4. of *The Instrument* guarantees Appellant, a Fair Hearing. In this matter, what Ms. Balicki received was anything but a fair hearing. Specifically, this right provides that the hearing be fair, impartial and speedy. First, as referenced above, the hearing was not fair nor impartial. Additionally, the hearing was not speedy. Hannah was charged on November 6, 2023, with an Honor Code violation. She was not able to have a hearing on this Honor Court matter until some 288 days later or 411 days after the alleged incident. This is despite her constant requests to have this matter heard as quickly as possible.

*The Instrument* provides IV.A.6. Evidence and Witnesses which specifically states that the Appellant is permitted to obtain a list of anticipated witnesses and to question any ***material witness*** along with challenging and rebut any evidence or written testimony. At no point, then or now, has Appellant been given access to the information, witness statements or audit trail which form the basis of Privacy Office Report and the Honor Court's decision. Such concealment of evidence is contrary to Due Process and *The Instrument.* In addition, Appellant was given the opportunity to cross-examine Heidi Weschler, who is the author of the report that led to Appellant's dismissal from the program and the Privacy's office's decision.

Pursuant to Section IV.A.7, to find a student in violation of the Honor Code the Investigation must provide Proof that is Clear and Convincing. For the reasons discussed above the evidence presented by the Investigation was neither clear nor convincing.

Based upon the foregoing the Appellant hereby appeals based her Basic Right to IV.A.1. Information and Informed Choices, IV.A.2. Presumption of Innocence, IV.A.4. Fair Hearing, IV.A.6. Evidence and Witnesses, and IV.A.7 Proof that is Clear and Convincing all being violated.

### *Conclusion*

In conclusion, Appellant appeals the Honor Court's decision from April 20, 2024, and because the Court based its decision on insufficient evidence, violated the Basic Rights afforded to students charged with violations. Accordingly, this petition should be allowed, and Appellant should be able to proceed with her appeal and the findings of responsibility be reversed.