EXHIBIT 9



THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL
STUDENT AFFAIRS
Office of the Vice Chancellor for Student Affairs

studentaffairs@unc.edu
O 919-966-4045 | F 919-962-2090

Henry Owl Building | Room 107 | Campus Box 5000
230 East Cameron Avenue | Chapel Hill, NC 27599-5000
studentaffairs.unc.edu

March 31, 2025

Ms. Hannah Balicki
Sent electronically to Hannah_Balicki@med.unc.edu

**PERSONAL AND CONFIDENTIAL**

Dear Ms. Balicki,

This letter serves as official notification of my decision regarding your Honor Court appeal. Your original hearing took place before a University Hearings Board (UHB) de novo on August 20, 2024. You timely appealed from this decision on the grounds of insufficiency of evidence and violation of basic rights. Over the next several months, multiple attempts were made to schedule an appeal hearing before a different UHB panel. Despite these efforts, and through no fault of your own, appeal dates were postponed or cancelled because of the unavailability of board members. With the knowledge and agreement of you and your attorney, I agreed to consider your appeal on the same grounds originally submitted to avoid further delays.

After a careful review of your appeal petition and related case materials, it is my determination that your Honor Court case should be dismissed on the basis of a violation of basic rights. Among the several rights expressly provided to a student accused of a conduct violation under the *Instrument of Student Judicial Governance* ("Instrument") is "[t]he right to a fair, impartial, and **speedy** hearing." (Instrument, Section IV.A.4). Student Conduct received the original report regarding alleged misconduct on August 31, 2023. You were formally charged with an Honor Code violation on or about November 2, 2023. However, nearly a year elapsed between receipt of the original report and the first hearing. Following that hearing, you were found responsible for an Honor Code violation and assigned a period of definite probation through the Fall 2024 semester. Six more months have passed since the date of the original hearing and the pending disciplinary sanction, even if upheld on appeal, will have expired.

What timeframe constitutes a speedy hearing will inevitably vary with the facts of the individual case, including the complexity of the case itself, the availability of witnesses, the scheduling preferences of the accused student, and myriad other factors. In this instance, however, I find there is no compelling justification for the length of time this case has taken. Although the record confirms the efforts of the Honor System and Student Conduct to complete the necessary procedural steps, their inability to do so (even if resulting from factors beyond their immediate control) does not obviate the requirement to provide a speedy hearing. Based on my consideration of the overall facts and circumstances as set forth in the record, I believe that dismissal of the Honor Court case is the appropriate remedy for violation of the right to a speedy hearing.

I note that my decision is limited to the student disciplinary case brought by the Honor System. This decision has no bearing on any other decisions made pursuant to other policies of the University, including the School of Medicine. In addition, my decision to dismiss is based entirely on procedural grounds and I offer no opinion on the evidence presented during the original hearing and whether it is sufficient to sustain a finding of responsibility for a conduct violation. Insofar as the Honor System is concerned, that question is now moot as a result of the dismissal on procedural grounds.

Student Conduct will make appropriate updates to your student record in accordance with this decision. If you have any questions concerning the contents of this letter, please contact Jenni Spangenberg in Student Conduct at jspan@unc.edu.

Sincerely,

Amy R. Johnson, Ed.D
Vice Chancellor for Student Affairs

cc: Dr. Jenni Spangenberg, Director, Student Conduct
Matthew Suczynski, Attorney for Ms. Balicki